UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 17-147-DLB-CJS

RICCY MABEL ENRIQUEZ-PERDOMO                                    PLAINTIFF

vs.                    **MEMORANDUM OPINION AND ORDER**

JEFF SESSIONS, et al.                                           DEFENDANTS

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This action combines a habeas corpus petition with a demand for injunctive relief and a federal *Bivens*[1] action. For the reasons below, the Court will grant Defendants Jeff Sessions and Elaine Dukes' Motion to Dismiss, and *sua sponte* dismiss the action against the unnamed and unidentified federal agents.

I.   **Factual and Procedural Background**

Plaintiff was born in Honduras on July 28, 1995, and arrived in the United States as a minor with her mother around April 2004. (Doc. 12 at ¶ 9). According to Plaintiff, she has resided in Kentucky since 2016, most recently in Florence, Kentucky. *Id.* at ¶¶ 9, 11. Plaintiff further alleges that she has two minor children who were born in the United States. *Id.* at ¶ 10. Plaintiff alleges that she was approved under the Deferred Action for Childhood Arrivals ("DACA") program in March 2015, and was subsequently renewed for a two-year period in January 2017. *Id.* at ¶¶ 13.

---

[1]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In this case, the Supreme Court held that a violation of the Fourth Amendment "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Bivens*, 403 U.S. at 389.

1

Plaintiff alleges that on August 17, 2017, she was unlawfully detained in Louisville, and thereafter detained at an unknown location until she was released on August 25, 2017. *Id.* at ¶¶ 12, 16. Plaintiff also asserts that after she was released, the United States Immigration and Customs Enforcement ("ICE") refused to return all of her state and federal identification documents. *Id.* at ¶ 17.

Following Plaintiff's detention, she initially filed petition for a writ of habeas corpus on August 23, 2017, naming Defendants Sessions, Dukes, and then-interim U.S. Attorney Carleton Shier. (Doc. # 1). The next day, Plaintiff filed an amended petition and a motion to stay. (Docs. # 3 and 4). On August 31, 2017, Plaintiff filed her second amended complaint, adding as defendants several unnamed and unidentified ICE agents, and indicating that Defendant Shier was named only for the purpose of service. (Doc. # 12). In addition to the original petition for a writ of habeas corpus, this latest complaint sought an injunction requiring the Defendants to return her state and federal documentation, and alleged that Defendants had violated her Fourth, Fifth, and Eighth Amendment Constitutional rights. *Id.*

Defendants Sessions and Dukes filed a Motion to Dismiss this action on October 30, 2017. (Doc. # 15).[2] The next day, Plaintiff's counsel served counsel for Defendants Session and Dukes with Plaintiff's first request for production of documents and first set of interrogatories. (Doc. # 16-1). Plaintiff responded to the Motion to Dismiss (Doc. # 16), and Defendants Sessions and Dukes replied (Doc. # 17). The Court having heard

---

[2] Both Defendants Sessions and Dukes Motion to Dismiss (Doc. # 15) and Reply in Support (Doc. # 17) begin with substantial footnotes stating that the briefing is submitted solely on behalf of these Defendants, named in their official capacities. These two defendants request that Carlton Shier's name be removed as a defendant, as Plaintiff indicated that Defendant Shier was sued only for service purposes. In addition, Counsel for Defendants Sessions and Dukes notes that she does not represent any of the unnamed and unidentified ICE agents also named as Defendants.

oral argument on the Motion on December 21, 2017 (Doc. # 23), this matter is now ripe for decision.

## II.  Analysis

### A.  Standard of Review

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  While factual attacks focus on the factual existence of subject matter jurisdiction, facial attacks challenge the sufficiency of the pleadings.  *Id.*  In considering a factual attack, "the court is free to weigh the evidence and satisfy itself of the existence of its power to hear the case." *Id*.  Because mootness is a "threshold jurisdictional issue," *WJW–TV, Inc. v. City of Cleveland,* 878 F.2d 906, 909 (6th Cir.1989) (citing *Speer v. City of Oregon,* 847 F.2d 310, 311 (6th Cir.1988)), the Court reviews the Defendants' Motion on mootness as a factual attack.  Similarly, because "[s]overeign immunity is jurisdictional in nature," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), the Court reviews Defendants' Motion on Plaintiff's *Bivens* claim as a factual attack.

### B.  Plaintiff's petition for a writ of habeas corpus is dismissed as moot.

Plaintiff has stated that "[b]y reason of her release from ICE detention in 8/25/2017, [she] dismissed this [petition for writ of habeas corpus] as moot insofar as her detention is concerned."  (Doc. # 12 at 7).  It is undisputed that Plaintiff is no longer in the custody of the United States.  (Doc. # 12 at 5; Doc. # 15-2 at 4).  Thus, Defendants' Motion to Dismiss Plaintiff's petition for a writ of habeas corpus is well-taken.

### C.  Plaintiff's request for equitable relief in the return of her documents is denied as moot.

The jurisdiction of the federal courts is limited to resolving "the legal rights of

litigants in actual controversies." *Genesis Healthcare v. Symczyk*, 569 U.S. 66, 71 (2013) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). An actual controversy must exist throughout the litigation, not just when the complaint is filed; thus, if "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit … the action can no longer proceed and must be dismissed as moot. *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78) (internal citations omitted). "[A] 'case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)).

Mootness is a "threshold jurisdictional issue." *WJW–TV,* 878 F.2d at 909. Thus, when a party obtains the relief sought, the controversy is obviated, rendering the action for such relief moot. *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir.1997). Once a matter is moot, a court has no subject matter jurisdiction to decide that matter, *Am. Civ. Liberties Union of Ohio v. Taft*, 385 F.3d 641, 646 (6th Cir. 2004), and that matter must be dismissed from the case. *McPherson*, 119 F.3d at 458.

Defendants Sessions and Dukes' Motion to Dismiss is accompanied by a sworn declaration by Deportation Officer Matthew Post. (Doc. # 15-2). In this declaration, Officer Post states that he mailed Plaintiff's identity documents to Plaintiff's counsel on August 30, 2017, and that the UPS tracking information indicated the documents were delivered on August 31, 2017. *Id.* at ¶ 15. Plaintiff confirms that the documents at issue were returned to her counsel on August 30, 2017. (Doc. # 16 at 6). Plaintiff has acknowledged that the injunctive relief she sought is now moot. *See generally* Doc. # 16.

The relief Plaintiff sought has been obtained. There no longer appears to be any controversy concerning the return of Plaintiff's identification documents, and so the matter is moot. Because no controversy exists for the Court to consider, the Court no longer has jurisdiction over this request for relief. Defendants Sessions and Dukes Motion to Dismiss Plaintiff's request for injunctive relief is granted.

### D. Plaintiff's *Bivens* action is dismissed.

An action against a federal officer in his official capacity is an action against the federal government. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (citing *Monell v. New York City Dept. of Soc. Serv.s.*, 436 U.S. 658, 690, n. 55 (1978)). Furthermore, "[a]bsent a waiver, sovereign immunity shields the Federal government and it agencies from suit." *F.D.I.C.*, 510 U.S. at 475. Because "[s]overeign immunity is jurisdictional in nature," *id.*, a court may not entertain an action against the United States without a waiver. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). This jurisdictional rule applies to a *Bivens* claim, which "may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 297 (6th Cir. 1991); *see also Marie v. Am. Red Cross*, 771 F.3d 344, 365-66 (6th Cir. 2014).

To differentiate a legitimate *Bivens* claim against an individual from a claim against the United States as sovereign, plaintiffs are required to "set forth clearly in their pleadings that they are suing … defendants in their individual capacities, not simply in their capacities as … officials." *Graham v. Mercer*, 198 F.3d 245, at *1 (6th Cir. 1999) (table) (finding that complaints asserting a cause of action under *Bivens* were subject to the

same heightened pleading standard in actions brought under 42 U.S.C. § 1983; specifically, "[a]bsent a specification of capacity, state officials will be construed to be sued in their official capacity.").

Both Defendants Sessions and Dukes are named in their official capacities—Attorney General of the United States and Secretary of Homeland Security. (Doc. # 12 at 1). In addition, Plaintiff does not assert that any of the alleged Constitutional violations were actually carried out by either of Defendants Sessions or Dukes. *See* Doc. # 12 at 9 ("Defendants were without probable cause to seize her person, and by arresting her unreasonably and then continuing to detain her after she had presented them with her [DACA documents]); *see also id.* at 10 ("Defendants by unreasonably arresting her and detaining deprived [Plaintiff] of her liberty without due process of law"); *see also id.* at 11 ("Defendants by inflicting aforesaid detention unreasonably and without lawful authority as a matter of law visited cruel and unusual punishment on [Plaintiff]."). It is evident that Defendants Sessions and Dukes have been sued in their official capacities, not for any actions they themselves carried out. Thus, jurisdiction is absent. *See, e.g. Fountain v. West Point Mil. Acad.*, 892 F.2d 1043, at *1 (6th Cir. 1990)(table) ("[T]he district court properly concluded that it lacked subject matter jurisdiction over [plaintiff's] Bivens-type 'constitutional tort' claim…[as the] United States Military Academy was the sole defendant in [plaintiff's] action."

Similarly, Plaintiff has failed to state that her *Bivens* action against the unnamed and unidentified ICE agents is against them as individuals. The Court must therefore presume that the action is against these defendants in their official capacities. *See Graham*, 198 F.3d at *1. The Court has no jurisdiction to entertain such an action. *Berger*

933 F.2d at 297. And although these defendants are unrepresented in this action, and have not moved for dismissal themselves, the Court has the power to *sua sponte* dismiss a complaint for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

Finally, Plaintiff cites no law or precedent that would allow a *Bivens* action against a federal official in their official capacity. Instead, she argues that "[f]or the moment, until the specific names of the ICE agents[3] including the supervisors and managers up the chain-of-command, are disclosed, none of the defendants should be dismissed under the doctrine of *respondeat superior*." (Doc. # 16 at 7). However, a "theory of *respondeat superior* cannot provide the basis for liability in a *Bivens* action." *Stiger v. O'Neill*, 53 F. App'x 738, 740 (6th Cir. 2002). And Plaintiff's final argument—that "depending on the facts, *Bivens* defendants may include supervisory and management employees of ICE," (Doc. # 16 at 7), fares no better against Defendants Sessions and Dukes. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) ("The purpose of *Bivens* is to deter the *officer*. *Bivens* is not designed to hold officers responsible for acts of their subordinates.") (Emphasis in original) (Internal citations omitted).

Plaintiff's failure to sue any defendant in his or her individual capacity dooms her *Bivens* claim. Plaintiff's *Bivens* action against all defendants must be dismissed.

---

[3] The Court notes that, as the alleged violation took place in Louisville, and the unnamed and unidentified ICE agents presumably reside nearby, the United States District Court for the Western District of Kentucky may be the more appropriate venue if Plaintiff chooses to refile her complaint. *See* 28 U.S.C. §1391(b).

## III. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendants Sessions and Dukes' Motion to Dismiss (Doc. # 15) is **GRANTED**.

(2) The Court having further determined that it lacks jurisdiction over a *Bivens* action against the unnamed and unidentified officer Defendants, and Defendant Shier having been named for the purpose of service only, the entire second amended complaint (Doc. # 12) is hereby **DISMISSED**.

(3) A Judgment will be entered contemporaneously.

This 16th day of February, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov17\17-147 EnriquezPerdomo v Sessions MOO.docx